IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Robert Walker, | ) | C.A. No.: 8:18-cv-03044-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **C O M P L A I N T** |
| | ) | |
| C & S Wholesale Services, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, complaining of the Defendant herein, would show unto this Honorable Court as follows:

I.

Plaintiff is a citizen and resident of Anderson County, South Carolina.

II.

Defendant is a corporate entity organized and existing pursuant to the laws of one of the states of the United States and which does business and owns property in Anderson County, South Carolina.

III.

In this matter, Plaintiff seeks Health Savings Account (HSA) benefits under an ERISA plan pursuant to 29 U.S.C. § 1132(a)(1)(B) against the Defendant, a breach of fiduciary duty action against the Defendant pursuant to ERISA 29 U.S.C. § 1104 by failing to provide the Plaintiff a summary annual accounting, a breach of fiduciary duty action against the Defendant pursuant to ERISA 29 U.S.C. § 1104 by failing to provide the Plaintiff with certain documents despite a valid request, an Order compelling the Defendant to provide those documents pursuant to ERISA 29 U.S.C. § 1132(c), and the imposition of the $110.00 per day penalty provided by

the foregoing statute. Additionally, the Plaintiff seeks attorney's fees and costs pursuant to ERISA 29 U.S.C. § 1132(g). This court has jurisdiction to hear this matter based upon a federal question.  The Defendant is subject to jurisdiction in this court because it has more than minimum contacts with this forum (*see* 29 U.S.C. § 1132(e)).

IV.

The Plaintiff was employed with the C&S Wholesale Services, Inc., and as an employee of the C&S Wholesale Services, Inc., the Plaintiff participated in an ERISA governed HSA Plan. The Defendant plan is self-administered, and the Defendant is the plan administer.

V.

The Defendant is the sole entity responsible for collecting contributions from employees and has sole control over said collection.

VI.

In September of 2018, the Plaintiff wrote to the Defendant requesting the full accounting records of the Plaintiff's HSA, including the current balance of that account. The Defendant failed and refused to respond to his request.

VII.

In October of 2018, the Plaintiff again wrote to the Defendant requesting the aforementioned information. The Defendant failed and refused to respond to his request.

**FOR A FIRST CAUSE OF ACTION**

**(Pursuant to ERISA 29 U.S.C § 1132(a)(1)(B))**

VIII.

Plaintiff incorporates all prior allegations, where not inconsistent, as if fully set forth herein.

IX.

Plaintiff respectfully requests that this Court consider the administrative record compiled in this case and any other evidence relevant to any factors discussed by *Champion v. Black & Decker*, 550 F.3d 353 (4th Cir. 2008), if applicable and depending on the standard of review, and declare, pursuant to 29 U.S.C. §1132(a)(1)(B), that the Plaintiff is entitled to the HSA benefits which he seeks under the terms of the plan.  In the event that the court reviews the record and/or other relevant information and determines that the Defendant abused its discretion or that its decision is not supported by the record, but that the substance of the record might not support the Plaintiff's entitlement to HSA benefits then the Plaintiff respectfully asks that, in the event of such a finding, that the court exercise its inherent power to remand Plaintiff's claim for a "full and fair" review by the appropriate claim fiduciary Defendant.  Should the court award the Plaintiff any part of the relief requested, the Plaintiff additionally prays that the Court award him attorney's fees and costs pursuant to 29 U.S.C. §1132(g).

### FOR A SECOND CAUSE OF ACTION
### (Pursuant to ERISA 29 U.S.C. §1104 and §1132(c))

X.

Plaintiff incorporates all prior allegations herein, where not inconsistent, as if fully set forth herein.

XI.

In this matter, Plaintiff seeks a declaration that the Defendant has breached its fiduciary duties pursuant to ERISA 29 U.S.C. §1104 and §1132(c) and Plaintiff seeks an order of the

Court compelling the Defendant to provide documents pursuant to ERISA 29 U.S.C. §1132(c) and imposition of the $110.00 per day penalty provided by the foregoing statute. Additionally, Plaintiff seeks attorney's fees and costs pursuant to ERISA 29 U.S.C. §1132(g). This court has jurisdiction to hear this matter based upon a federal question.

XII.

Plaintiff is a participant in a HSA which is governed by ERISA and for which Defendant serves as administrator.

XIII.

Prior to the date of this Complaint, Plaintiff had certain questions regarding issues involving the terms of the above referenced HSA and the Plaintiff, by and through his counsel, requested of the Defendant, in writing, to be provided the relevant plan pursuant to ERISA 29 U.S.C. §1132(c). Defendant is the plan administrator of the above referenced plan and does have an obligation pursuant to ERISA 29 U.S.C. §1132(c) to provide the documents within thirty (30) days of a valid written request.

XIV.

The Defendant received the Plaintiff's letters, but has failed to provide the documents despite Plaintiff's requests and Plaintiff's counsel's advice that Defendant had an obligation to provide the documents pursuant to ERISA or risked imposition of up to a $110.00 per day penalty and an award of attorney's fees and costs.

XV.

Despite the foregoing, the Defendant has failed and refused to provide complete plan documents and without the plan documents, the Plaintiff cannot address his concerns.

XVI.

Plaintiff respectfully requests that the Court investigate the matters raised herein and declare that the Defendant, as plan administrator, had a duty to provide the documents which Plaintiff requested and that the Defendant breached that fiduciary duty, by not giving Plaintiff the documents he requested despite valid written requests.  Plaintiff respectfully requests that the Court compel the Defendant to immediately provide all documents which Plaintiff has requested, that the Court impose upon the Defendant a $110.00 per day penalty, pursuant to ERISA 29 U.S.C. §1132(c), for each day that the Defendant has failed to provide the documents since the first valid written request and that the Court award Plaintiff attorney's fees and costs pursuant to ERISA 29 U.S.C. §1132(g).  Plaintiff also respectfully requests that the Court award Plaintiff such other and further relief as the Court deem appropriate pursuant to ERISA 29 U.S.C. §1001 *et. seq.*

**WHEREFORE**, having fully stated his claim against the Defendant, Plaintiff respectfully prays for the following relief: 1) for a declaration that the Defendant has breached its fiduciary duty by failing to provide plan documents after a valid written request; 2) that the Court impose upon the Defendant a penalty of $110.00 per day for each day that the Defendant has failed to respond to the Plaintiff's valid request for written plan documents pursuant to ERISA 29 U.S.C. §1132(c); 3) for an award of attorney's fees and costs incurred in having to tend to the matters raised herein and having to bring the matter *sub judice*; and 4) such other and further relief as the Court deems just and proper pursuant to ERISA 29 U.S.C. §1001 *et. seq.* including pre-judgment interest on all benefits due from the point at which benefits were payable through the time of judgment.

<div style="margin-left: 40%;">

s/Ryan P. Alderson_____
Ryan P. Alderson, Esq.
Federal Bar #: 12693
**FOSTER LAW FIRM, LLC**
Post Office Box 2123
Greenville, South Carolina 29602
(864) 242-6200
(864) 233-0290 (facsimile)
E-mail:    ralderson@fosterfoster.com

s/Nathaniel W. Bax
Nathaniel W. Bax, Esq.
Federal Bar #: 09835
**FOSTER LAW FIRM, L.L.C.**
601 East McBee Avenue
Greenville, South Carolina 29601
(864) 242-6200
E-mail: nbax@fosterfoster.com

</div>

Date: November 9, 2018                    Attorneys for Plaintiff